UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

     v.           **DECISION AND ORDER**
                  15-CR-200-A

JENNIFER L. COURTON,

        Defendant.

---

   The defendant, Jennifer L. Courton, was charged in an Indictment returned on October 29, 2015, that alleged that she committed seven offenses that involved trafficking in fentanyl, oxymorphone, and oxycodone, all Schedule II controlled substances. Defendant Courton is before the Court on an appeal by the United States pursuant to 18 U.S.C. § 3145(a) of a denial by Magistrate Judge Jeremiah J. McCarthy of a motion under 18 U.S.C. § 3148 for revocation of the Defendant's pretrial release. Dkt. No. 242.

   After a revocation hearing on August 7, 2017, Magistrate Judge McCarthy made no findings regarding alleged violations of pretrial release conditions by Defendant Courton, but found that the Defendant should have one final chance to abide by previously-amended release conditions. *See* minute entry 08/7/2017. Upon *de novo* review pursuant to 18 U.S.C. § 3145(a) of the Magistrate Judge's August 7, 2017 denial of revocation of pretrial release, and for the reasons that follow, the Court revokes Defendant's release and orders her detained.

On August 10, 2017, hours after the oral argument of the United States' appeal of the denial of revocation of Defendant Courton's pretrial release, the Grand Jury returned a Superseding Indictment against the Defendant. *See* Dkt. No. 258. The Superseding Indictment includes two counts against the Defendant charging offenses in violation of 21 U.S.C. §§ 846 and 841(a)(1) that each carry a 10-year mandatory-minimum sentence of imprisonment. While the more serious charges against the Defendant in the Superseding Indictment are certainly relevant to a determination regarding pretrial release or detention, the Court has not considered the new charges in connection with this revocation appeal.

## **BACKGROUND**

Defendant Courton was originally granted pretrial release after an initial appearance on a Criminal Complaint in June of 2015. *See* 15-MJ-1055-JJM, Dkt. Nos. 9 and 13. She was released on a non-financial bond secured by her personal commitments to refrain from illegal drug use, to submit to drug-abuse testing and treatment, and to submit to a mental-health evaluation and treatment, among other mandatory conditions. *Id.* The charges that the Defendant faced in the Indictment were serious charges, and the United States proffered that, if she were convicted of the charges in the Indictment, the Defendant would face an advisory range of imprisonment of 292 months to 365 months[1].

---

[1] As noted above, the Superseding Indictment returned later on the day of oral argument of this appeal charges two offenses carrying 10-year mandatory-minimum sentences.

On June 23, 2017, after proceedings regarding different alleged violations of pretrial release conditions, Magistrate Judge McCarthy modified Defendant Courton's conditions of release to include location-restriction monitoring on home detention in her current residence located in Utica, in the Northern District of New York. See Dkt. No. 26; Dkt. No. 242-1, pp. 11-12. In connection with that proceeding, the Defendant allegedly lied to the Magistrate Judge about whether she was secretly allowing Thomas Hendricks, a convicted felon who is suspected of engaging in criminal activity, live with her and her children.

Since Defendant Courton's release conditions were amended in late June, and despite heightened supervision of the Defendant by U.S. Probation for the weeks she has served on home detention, the Defendant has violated multiple conditions of her pretrial release. The Defendant generally admits a number of relatively short unexcused absences from her residence since she began home detention, and she generally admits failing to follow directions from supervising officers regarding requirements of her location-monitoring program and her random drug-testing condition. In opposing revocation of her pretrial release, the Defendant stresses that she is not a serious flight risk or a danger to the community.

## DISCUSSION

Despite the presumption of innocence afforded to every criminal defendant, a defendant who violates a condition of pretrial release may have pretrial release

revoked. 18 U.S.C. § 3148(a); *see United States v. LaFontaine*, 210 F.3d 125 (2d Cir. 2000). A court will revoke release and order detention if, after a hearing, a:

> judicial officer (1) finds that there is — (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; (B) clear and convincing evidence that the person has violated any other condition of release; and (2) finds that — (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b). Accordingly, this Court may, after *de novo* review of the Magistrate Judge's denial of revocation pursuant to 18 U.S.C. § 3145, revoke Defendant Courton's pretrial release and detain her pending trial if the Court: (1) finds probable cause to believe that the Defendant committed any crime while on release, or finds by clear and convincing evidence a violation of any other release condition; and (2) further finds that no conditions will insure against flight or dangerousness, or that the Defendant is unlikely to abide by the conditions of release. 18 U.S.C. § 3148(b). The alternative finding that the Defendant is unlikely to comply with available release conditions need only be established by a preponderance of the evidence. *United States v. Gotti*, 794 F.2d 773, 777 (2d Cir. 1986). If there is probable cause to find that the Defendant committed a felony while on release, a rebuttable presumption arises that no conditions of release will assure that the defendant will not pose a danger to others. 18 U.S.C. § 3148(b).

Based upon the parties' proffers to the Court on August 10, 2017, the Court finds by a standard of clear and convincing evidence that Defendant Courton violated the conditions of her pretrial release in that she: (1) had at least five unauthorized absences from her residence; (2) knowingly breached other conditions of her Location Monitoring Program Participant Agreement by (a) failing to comply with directions from her supervising officers to charge her tracking device and (b) failing to be available by telephone so that her compliance could be assessed; (3) failed to report for a random drug test on July 29, 2017; and (4) failed to make nine required telephone calls to the U.S. Probation Office to schedule random drug tests. *See* Dkt. No. 242-1, pp. 2-5.

The United States has stressed to the Court Defendant Courton's long history of repeated violations of the conditions of her release.[2] The Court generally credits the proffer by the United States of supervising U.S. Probation Officer Phillips' first-hand observations of the Defendant's compliance:

> The supervision of [Defendant] Courton has not led to any stabilization in her life. She does not comply with the orders of the Court, even when placed on the strictest possible combination of pretrial release conditions. Continued supervision will not likely lead to any meaningful compliance.

Dkt. No. 242-1 p. 9.

---

[2] The United States has not contended that the Court should find probable cause to conclude that Defendant Courton committed any felonies while on release. The Court has therefore not considered whether the Defendant made oral false statements to U.S. Probation that violated 18 U.S.C. § 1001 and triggered the rebuttable presumption of danger in § 3148(b).

Defendant Courton, for her part, argues that her indigence, her mental health problems, and the demands of her single-motherhood adequately excuse her violations of the conditions of her pretrial release.  The Court disagrees; the Defendant's difficult personal circumstances do not excuse her continued and repeated violations of the conditions of her pretrial release.  It may be that the violations, if looked at individually and in isolation from her long history of noncompliance, are not as serious as most pretrial violations that the Court sees.  But when the Defendant's repeated violations over the last few weeks while she has been on home detention are viewed against the background of her lengthy bad record while on Court supervision[3], the violations establish that the Defendant has essentially chosen not to be supervised while on release.  The record before the Court does not support a finding that there is any realistic chance that the Defendant would now start to comply with conditions of pretrial release.

Although not invited to do so by the parties, the Court has carefully considered whether continued release of Defendant Courton on home incarceration — the most strict level of location monitoring — would be appropriate for the Defendant.  Unfortunately for the Defendant, her supervision record is clear by the standard of a preponderance of the evidence that the Defendant is unlikely

---

[3] The Court notes U.S. Probation Officer Phillips' specific observations that Defendant Courton was "inconsistent" attending mental health treatment, that the Defendant's therapist did not believe she was engaging in mental health treatment, despite the fact that the Defendant was receiving some form of medication from the treating mental-health agency, see Dkt. No. 242-1, pp. 7-8, support the statement in the Amended Violation Report that "the defendant has not followed through with her mental health treatment appointments;" see Dkt. No. 242-1, p. 4.

to comply with even "the strictest possible combination of pretrial release conditions." Dkt. No. 242-1, p. 9. Officer Phillips stated:

> The defendant's behavior has worsened during supervision. I have employed every supervision strategy available to me to assist her, but nothing has worked to bring her into compliance.

Dkt. No. 242-1, p. 7. Accordingly, the Court finds that, despite the extensive efforts made on her behalf by United States Probation and others, the evidence proffered by the United States establishes pursuant to § 3148(b)(2)(B) that the Defendant is likely to continue to violate any available release conditions. The Defendant's pretrial release is therefore revoked, and she shall be detained pending trial.

Finally, while the Court has considered information presented during the revocation hearing, and upon *de novo* review of the revocation hearing, that was not in a form admissible under the Federal Rules of Evidence, a revocation hearing is not a trial or even a mini-trial. *United States v. LaFontaine*, 210 F.3d 125, 131-32 (2d Cir. 2000). The Federal Rules of Evidence are not necessarily even applicable. Fed. R. Evid. 1101(d)(3). Nevertheless, because Defendant Courton's personal liberty is involved, the Court has carefully assessed the reliability of evidence and exercised its discretion to weigh the evidence in light of the ways in which it was presented. *LaFontaine, supra* at 131.

## CONCLUSION

For the reasons stated above, upon the appeal of the United States, *see* Dkt. No. 242, the Court revokes the pretrial release of Defendant Jennifer L. Courton

7

pursuant to 18 U.S.C. § 3148.  Defendant Courton is therefore committed to custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

    **SO ORDERED.**

                                        ___*s/Richard J Arcara*_____
                                        HONORABLE RICHARD J. ARCARA
                                        UNITED STATES DISTRICT COURT

Dated:   August 11, 2017