UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JENNIFER L. COURTON,

                Defendant.

**DECISION AND ORDER**
15-CR-200-A

---

Before the Court is defendant Jennifer L. Courton's *pro se* motion seeking to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2), based upon the "amendments that [took] effect as of November 1, 2023." Dkt. 631. Notably, Courton's motion is bare-boned and does not allege any facts at all, much less any facts explaining how the Guidelines amendments to which she refers might have any applicability to her case. *Id*. Nevertheless, since Ms. Courton is proceeding *pro se*, this Court will construe her motion liberally and interpret it "to raise the strongest arguments that [it] *suggests*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)(emphasis in original). Construed in that fashion, the motion is nevertheless **DENIED**.

## **BACKGROUND**

On October 31, 2017, Courton pleaded guilty, pursuant to a written plea agreement, to conspiring to possess with intent to distribute, and to distribute, 400 grams or more of fentanyl, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(B)(1)(A). Dkt. 299. As calculated in both her plea agreement and

in her Presentence Investigation Report (hereinafter "PSR"), Courton, with a total offense level of 37 and a criminal history category of I, faced a Sentencing Guidelines range of imprisonment of 210 to 262 months. Dkt. 299, pp. 12-13; Dkt. 423, pp. 32-34. On October 3, 2018, this Court, adopting the Sentencing Guidelines calculations set forth by the parties in their plea agreement, *see*, Dkt. 299, and determined by the Probation Office in the PSR, *see*, Dkt. 476, p. 1 (sealed), sentenced Courton to a total term of imprisonment of 180 months. Dkt. 475.

By letter dated December 26, 2023, Courton filed the instant *pro se* motion to reduce her sentence pursuant to Amendment 821 of the Sentencing Guidelines. Dkt. 631.

## **DISCUSSION**

Under 18 U.S.C. § 3582(c)(2), a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive. *United States v. Martin*, 974 F.3d 124, 136, 139 (2d Cir. 2020).

In her motion, Courton—by citing its effective date [November 1, 2023]—is presumably looking to Amendment 821 of the Sentencing Guidelines as providing the basis for her relief. *See* Dkt. 631, p.1. Amendment 821 amended the Guidelines in two respects: (1) Part A amended Guidelines § 4A1.1, by reducing from two points to one point the upward adjustment for offenders who committed the instant offense

while under any criminal sentence, and by limiting this adjustment to defendants who received seven (7) or more criminal history points; and (2) Part B, amended Guidelines § 4C1.1, by providing a 2-level offense level reduction for offenders with zero (0) criminal history points who meet specified eligibility criteria. *See* U.S.S.G. § 1B1.10(d), Application Note 7.  Section 1B1.10(a)(2) provides, however, that a sentence reduction "is not authorized under 18 U.S.C. § 3582(c)(2) if ... [n]one of the amendments listed in subsection (d) [including Amendment 821] is applicable to the defendant." U.S.S.G. § 1B1.10(a)(2)(A).  Here, this Court determines that neither Part A nor Part B of Amendment 821 apply to Courton.

Since Courton had no prior convictions and received no status points, Part A of Amendment 821 is clearly inapplicable.

While Part B of Amendment 821 provides a decrease of two offense levels for zero-point offenders (offenders who, like Courton, have no criminal history points), such decrease does not apply when certain aggravating factors exist. U.S.S.G. § 4C1.1(a)(1)-(11). One such aggravating factor that precludes relief is a defendant's receipt of an upward adjustment for role in the offense "under § 3B1.1 (Aggravating Role)." U.S.S.G. § 4C1.1(a)(10).  Here, Courton is ineligible for relief under Part B of Amendment 821 because she was subject to the four-level upward adjustment of § 3B1.1(a) for her role as an organizer or leader of a criminal activity that involved 5 or more participants or was otherwise extensive.  *See*, Dkt. 423, ¶ 46 (PSR); *see also* Dkt. 299, p. 11 ¶8(a) (plea agreement). Because neither part of the Amendment relied upon by Courton lowers her applicable Sentencing Guidelines range, she is ineligible

3

for a sentence reduction. *See*, U.S.S.G. § 1B1.10(a)(2)(B) ("[a] reduction in the defendant's term of imprisonment ... is not authorized under 18 U.S.C. § 3582(c)(2) if ... an amendment ... does not have the effect of lowering the defendant's applicable guideline range."); *see also* U.S.S.G. § 1B1.10 n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment ... that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance).").

## CONCLUSION

For the foregoing reasons, Defendant Jennifer R. Courton's motion for sentence reduction, Dkt. 631, is **DENIED**.

**SO ORDERED**.

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: February 28, 2025